JUDGE PETERS
delivered the opinion oh the court.
This is a proceeding, in the name of the commonwealth, against the executor of Daniel McAlister, for the failure of his testator for quite a number of years to list his residuary with the assessor of the county of his residence or county court for taxation, and also against the executor for a like failure after the death of his testator.
It was relied on in the court below as a cause for dismissing the proceedings that Pope, the agent of the auditor, and who was instrumental in getting up the proceedings, had not taken what is called the test oath in order to authorize him to act as the agent of the auditor of the state.
The act of 1862 (Myers’s Supplement, page 4), which authorizes the auditor of public accounts to appoint one or more agents to perform certain specified duties, requires such appointee, before entering upon the discharge of his duties, to take an oath to support the constitution of the state and of the United States, and that he has not aided or abetted the rebellion, and is opposed to the overthrow of the Union.
Could the failure of Pope to take that oath authorize *583 the dismissal of this proceeding? As we have seen, this is a proceeding in the name of the commonwealth. It did not require any special agent of the auditor to put the prosecution on foot; the county court might sua sponte, or the attorney for the county court, as well as- any agent of the auditor, have had the requisite summons issued. "Whether therefore the proceeding was initiated by the auditor himself, by his agent, or some other person or persons, could not be material, and is a question not necessarily involved. The commonwealth complains that the revenue laws have been violated by testator and his representative, whereby injury' has resulted to it. An inquiry into the truth of the complaint is proper, and that inquiry must be made in the name of the party injured; and it can not be material to the defense from whom the party complaining gets its information, or by whom the proceedings for redress may be inaugurated. The commonwealth is the injured party; it labors under no disability, and has a right to sue for redress.
But if that were not so, the act of the legislature, approved January 13, 1866 (Myers’s Supplement, 744), operated as a general pardon, and in effect repealed so much of the act of 1862, supra, as imposed a test oath on the agent.
As to the plea of limitations, and the alleged invalidity of the act authorizing this proceeding as .being unconstitutional, these questions are settled by the case of the Louisville & Nashville Railroad Company v. Commonwealth, 1 Bush, 250.
But as to the true amount of cash on deposit owned by intestate, and the gold value of the United States legal-tender notes, some error seems to have been committed; and the witness Mulliken proves that one year, between 1856 and 1867, the testator listed with him as assessor from *584 four thousand to ten thousand dollars, under the equalization law, but the precise year he did not remember, and for the amount thus listed he does not seem to have been credited in the judgment. The court should have ascertained the amount of surplus testator had in- gold, and amount in legal-tender notes after 1862, reduced the legal-tender notes to gold value, and assessed the amount thus ascertained, and should have deducted the amount listed the year Mulliken says he listed a part of his surplus. Besides, the act under which this proceeding is prosecuted requires the court, upon being satisfied that such person or persons have failed to list their property, and have not paid taxes thereon to the sheriff, to assess and fix the value of the same for the years such property was not assessed, and the same shall be certified by the said court, in the same manner as is now required by law, to the proper officer for the collection thereof. (Myers’s Supplement, section 2, title 2, page 5.)
But the court below, after rendering judgment, instead of pursuing the mode of collection provided by the statute, ordered an execution for the several amounts adjudged against appellant. This seems prejudicial to him, and -erroneous. The judgment for the particular errors only which are specifically pointed out must be reversed, and the cause remanded for the correction of said errors, and for further proqeedings consistent herewith. For the costs it will be proper to award an execution.