CHIEF JUSTICE LINDSAY
delivered the opinion oe the-court.
A proceeding under sec. 20, art. 5, chap. 92, General Statutes, which provides that a tax-payer who shall fail or refuse to give a list of his taxable property, when legally called on for that purpose by the assessor or his assistant, or shall give a false or fraudulent list, or refuse to give the amount he is worth, shall be fined not exceeding $100, and be subjected to triple taxation, is penal in its nature; and from a' judgment rendered in such a proceeding an appeal may be prosecuted from the county to the circuit court, under the provisions of chap. 2, title 9, of the Criminal Code of Practice of 1877.
The circuit court therefore erred in dismissing the appeal of the appellant.
On the return of the cause the demurrer of the appellant should be sustained, and the summons quashed.
Section 21 of the article and chapter of the General Statutes heretofore mentioned, requires the assessor, at the time he returns his tax-book, to return also the names of all delinquents described in section 20, and as to fraudulent delinquents to state in what the falsehood or fraud consists.
Upon this return the clerk shall issue a summons in the name of the Commonwealth, in which shall be stated the offense in general terms, against each of the delinquents; and on this summons the issues of fact must be made up and the trial had. In this case it does not appear that the appellant was returned a delinquent. There was therefore no legal foundation for the summons. It may have been issued at the *271 instance of a private individual, or on the mere motion of tbe clerk.
Further than this the summons does not describe, even in general terms, either one of the offenses named in the statute. The appellant is charged with failing to make a true and perfect report of his taxable property for the year 1876, but whether he made a false or fraudulent list, or refused to give the full amount he was worth, or refused wholly to give a list, is left to conjecture or inference.
For these reasons the judgment of the circuit court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.