NATHAN HOWELL'S EX'R *v.* COMMONWEALTH.

**Listing Property for Taxation.**

> One who has listed his property for taxation, but for incorrect valuations, cannot be proceeded against by the county attorney and be subjected to the payment of the penalties provided by those who fail to list their property for taxation at all or give in a false list.

APPEAL FROM SHELBY CIRCUIT COURT.

December 2, 1879.

OPINION BY JUDGE COFER:

We are of the opinion that Sec. 3, Chap. 93, General Statutes, if in force, has no application to a case like this, but applies only when a tax-payer has not been legally called upon for his tax list,

and has failed to give any list at all. This view is not only justified by the language employed in the section but is necessary to harmonize it with Sec. 20, Art. 5 Chap. 92.

If Sec. 3 applies to a case like this in which the tax-payer has given a list, but has failed to give a true list, then every tax-payer in the commonwealth who, in the opinion of the county attorney of the county of his residence, has at any time since 1856 failed to give a full and fair list of his taxable property and a true statement of what he is worth under the equalization law, may be brought before the county court and subjected to a reassessment. We cannot persuade ourselves that the legislature intended any such thing, and as the language employed is reasonably susceptible of a different construction, such construction should be adopted in preference to one which may lead to such absurd and oppressive consequences. Not only so, but it is in the power of the county attorney and the county court to defeat altogether the provisions of Sec. 20, Art. 5, Chap. 92, specially designed to subject recusant owners of property to heavy penalties for refusing to list their property when legally called upon to do so, or who give a false or fraudulent list, by proceeding under Sec. 3, Chap. 93.

There can be no doubt, we think, that Sec. 3 was intended to apply to those only who innocently fail to give any list at all, and that Sec. 20 applies to those only who, when legally called upon by the assessor or his assistant, fail or refuse to give a list of their property, or give a false list, or fail or refuse to give the amount they are worth under the equalization law.

The information filed by the county attorney in this case charges that Howell, being called upon by the assessor each year between 1857 and 1878, gave a false list, and failed to give the amount he should have given in under the equalization law. This brought him within the provisions of Sec. 20, and as a proceeding under that section is penal in its character, and as the amount the appellant will be required to pay under the order of the court exceeds $20, the circuit court had jurisdiction of the appeal. *Evans v. Commonwealth,* 13 Bush 269.

It does not matter that the court only subjected him to the payment of a single tax on the amount it found the testator had failed to list each year. If the statute authorized the court to subject him to the payment of any amount whatever, it required that he should be subjected to the payment of "three times the amount of the tax

upon his estate" and not a single yearly tax on so much of his estate as he had failed to list, and the appellant could not be deprived of his right to an appeal because the court subjected him to the payment of less than the law required if he could be subjected to the payment of anything. .

This conclusion is not in conflict with the decision in *McAlister's Ex'r v. Commonwealth*, 6 Bush 581. That was a proceeding under Sec. 2 of the Act of February 2, 1862 (Myers's Supplement, 5), which corresponds with Sec. 3, Chap. 93, General Statutes. It is true that it appears from the report of the case that McAlister gave in a part of his money under the equalization law for one of the years covered by the proceeding, but the attention of the court seems not to have been called to the question whether the statute authorized his list for that year to be revised.

Judgment *reversed* and cause remanded with directions to overrule the motion to dismiss the appeal, and for further proper proceedings.

*Bullock & Beckham, for appellant.*

*J. W. Head, P. W. Hardin, for appellee.*