## SIDNEY SMITH *v.* D. H. SMITH, AUDITOR.

[Abstract Kentucky Law Reporter, Vol. 1—356.]

**Compensation of Auditor's Agent in Collecting Taxes.**

The act of February 20, 1864, took railroad companies out of the list of taxpayers who, under the law, were subject to be proceeded against by the auditor's agent to collect taxes, and hence the act of 1867 giving such agents a certain per cent. of moneys recovered on account of the collection of delinquent taxes gives such agents no authority to proceed to collect delinquent taxes from a railroad company.

· APPEAL FROM FRANKLIN CIRCUIT COURT.

October 29, 1880.

OPINION BY JUDGE COFER:

The Act of January 23, 1864, Sec. 1, so far amended section 2 of the Act of February 28, 1862, as to embrace railroad companies and other corporations. Under these acts the auditor's agents would no doubt have had a right to proceed against a delinquent railroad company. Up to the passage of the Act of March 3, 1865, they would have had a right to the compensation given by section 5 of the Act of February 28, 1862. But the Act of 1865, Sec. 1, provided that he should not have any compensation for the performance of any act under the act approved February 20, 1864, to tax railroads, etc.

Until the passage of the latter act, railroad companies were liable to be proceeded against by the auditor's agent in the mode pointed out by the act creating that office and the various amendments to it. See *Louisville & N. R. Co. v. Commonwealth*, 1 Bush 250. But when the Act of 1864 was passed, providing for a different mode of assessing railroads and collecting the tax on them, railroad companies were no longer liable to be proceeded against for future delinquencies under the law relating to the auditor's agent, and it was no doubt for the purpose of avoiding all uncertainty on that subject that section 1 of the Act of March 3, 1865, was passed.

The Act of February 20, 1864, took railroad companies out of the list of taxpayers subject to be proceeded against by the auditor's agent. It left him no duties to perform in respect to the taxes of railroad companies, and therefore when it was declared in Sec. 1 of the Act of 1867 that he should have a certain per cent. of all the sums of money which he should thereafter cause to be recovered and paid into the treasury, "under the law creating said agency and acts amendatory thereto", reference was made to sums collected from persons against whom he had a right to proceed in the manner pointed out by the law creating his office to cause them to pay their taxes, and not to railroad companies, who, though delinquent, could not be proceeded against under the law relating to the auditor's agent.

Wherefore the judgment of the circuit court is *affirmed*.

*J. & J. W. Rodman, A. Duvall, William Lindsay, for appellant.*

*T. E. Moss, for appellee.*