CASE 29—PROCEEDINGS AGAINST DELINQUENT TAX-PAY-
ER—FEBRUARY 17.

## Lou. and Nash. R. R. Co. v. Commonwealth.

### Same v. Same.

### Same v. Same.

### Same v. Same.

APPEALS FROM LINCOLN CIRCUIT COURT.

## Lou. & Nash. R. R. Co. v. Commonwealth.

APPEAL FROM WARREN CIRCUIT COURT.

## Lou. & Nash. R. R. Co. v. Commonwealth.

APPEAL FROM MARION CIRCUIT COURT.

1. TAXATION OF RAILROADS.—Since the enactment of the law of March 17, 1876, "to make taxation equal and uniform," there can be no question as to the liability of railroads for county taxes.

Lou. & Nash. R. R. Co. v. Commonwealth.

2. SAME.—The provisions of art. 5, chap. 92, of the General Statutes, as to proceedings against tax-payers who have failed to list their property with the assessor, are applicable to railroads.

3. SAME.—While the act of April 3, 1878, prescribing the mode of taxing the property of railroad companies, expressly repealed all existing laws as to the assessment and taxation of such property, it did not take away the existing mode of procedure as to unassessed taxes of a prior date, but to that extent left the existing statutes in force.   Therefore, those statutes govern these proceedings to compel the assessment of appellant's property for county taxation for the years 1876 and 1877.

4. COMPULSORY ASSESSMENTS.—Article 5, chapter 92, of the General Statutes, provides for the compulsory assessment of property, and not merely for. a penalty for the failure to list.

5. SAME.—A summons based upon section 20 of that article should, in general terms, describe the offense, stating whether it be for giving a false or fraudulent list, or a refusal of the person to state what he is worth, or a failure or refusal upon demand to give in any list whatever; but a summons based upon section 25, need not charge any thing more than a mere failure to list.

6. SAME.—If the default is not willful, or if for any reason the penalty can not be imposed, although the default be willful, or if barred by limitation, the court should direct the clerk to take the list.

7. SAME—LIMITATION.—The right to coerce an assessment of property for taxation is. not barred by limitation.   No cause of action arises until the assessment is made.

8. SAME.—The court is of opinion that the statute, in so far as it authorizes a judgment for a triple tax and fine against a delinquent, is penal in its nature, but it is not necessary to decide whether the one or five years' statute of limitation applies, as in either case the recovery of the triple tax and fine is barred in these cases.

9. THE SHERIFF IN REPORTING DELINQUENTS is not confined to those thus offending during his term of office. -

10. POWERS OF COUNTY COURTS—THE CONSTITUTIONALITY OF THE LAW conferring upon our county courts the power to assess delinquents is now beyond question.

H. W. BRUCE FOR APPELLANT.

1. The act of March 17, 1876, was repealed by the act of April 3, 1878, as to railroad companies.   The ruling to the contrary in the case of Lincoln County Court v. Lex. & Nash. R. R. Co., 3 Ky. Law Rep., was not necessary to the decision of that case, and should be reconsidered.

When an act of the Legislature is repealed, it must be considered, except as to transactions past and closed, as if it never existed.   (*Ex Parte* McCardle, 7 Wall., 506, citing Dwarris on Statutes, 538, Norris

v. Crocker, '13 How., 429 (438); Insurance Co. v. Ritchie, 5 Wall.,
541; Sedgwick on Construction of Statutory and Const. Law, 108,
111-112; Key v. Goodwin, 4 Moore & Payne, 341,)

At least the penalty denounced by the act of 1876 is gone; and for
the same reason the penalties denounced by section 20, and the course
of procedure authorized by sections 22, 23 and 25 of art. 5, chap. 92,
General Statutes, are gone. (Commonwealth v. Cain, 14 Bush, 525.)

2. These are not special proceedings. They are cases under the Criminal
Code (Evans v. Commonwealth, 13 Bush, 269; Howell v. Common-
wealth, MS. Op., 1879-80), and being such, they are not *civil cases*,
and, therefore, not special proceedings    (Civil Code, sections 1, 2, 3
and 838; Criminal Code, section 1; *In re* Bowery, 12 How. (N. Y. P.
R.), 99; Watson v. Gabby, 18 B. Mon., 662; Chandler v. Common-
wealth, 4 Met., 66.)

3. These are penal prosecutions. (Alexander v. Commonwealth, 1 Bibb,
515; McCall v. Justices of Clark County Court, *Ibid.*, 516; Olds v.
Commonwealth, 3 A. K. Marsh., 465; Commonwealth v. Olds, 5 Litt.,
137; Vance v. Commonwealth, 3 Bush, 465; Evans v. Common-
wealth, 13 Bush, 269; Howell's Ex'or v. Commonwealth, MS. Op.,
Dec. 2, 1879, extended March 23, 1880; Blackstone's Commentaries,
Book IV, p. 5.)

4. There is no fact in the record which shows that appellant is guilty of
any of the delinquencies for which either the act of 1876 or the Gen-
eral Statutes denounce a penalty.

5. The prosecutions are barred by the Statute of Limitations. (Gen.
Stats., chap. 29, sec. 23, p. 320; L. & N. R. R. Co. v. Commonwealth,
1 Bush, 250.)

And even if they are not to be regarded as penal prosecutions, but
as civil actions or proceedings, they are barred by the five years' stat-
ute. (Gen. Stats., chap. 71, art. 3, sec. 2.)

6. The summonses issued by the clerk were insufficient. (Evans v. Com-
monwealth, 13 Bush, 269.)

7. The sheriff had no authority to report in the matter, under section 25,
for any other year than each current year during his official incum-
bency, and his report afforded no legal basis for the issue of the sum-
mons by the county clerk. (Otis v. Boyd, 8 Lea., 679; Franklin
County v. Railroad, 12 Lea., 521.)

8. The county courts had no jurisdiction of these prosecutions. If the
company is guilty of any offense, it is a misdemeanor, of which the
circuit court alone has jurisdiction according to the Criminal Code.
(Criminal Code, sections 1-13.)

9. In the Warren county case, it was error in the circuit court to dismiss
appellant's appeal from the county court, appellant having the right
to appeal from the judgment of the county court. (Vance v. Com-

Lou. & Nash. R. R. Co. v. Commonwealth.

monwealth, 3 Bush, 465; Evans v. Commonwealth, 13 Bush, 269; Howell's Ex'r v. Commonwealth, MS. Op.)

HILL & ALCORN on same side.

1. These proceedings are wholly penal, and are to be regulated and determined solely by the provisions of the Criminal ·Code, and the rules and statutes applicable to penal cases. (Criminal Code, sec. 1; Evans v. Commonwealth, 13 Bush, 269; Gen. Stats., chap. 92, art. 5, secs. 20-25.)

2. These proceedings being barred by limitation, the court should have found the defendant "not guilty," and dismissed the proceedings. It is only when the court is authorized, by the finding of guilty, to render judgment against the defendant, that the statute gives the court the discretion of excusing the payment of fine and triple tax, and of directing the clerk to take the list. (Criminal Code, secs. 175 and 257; Gen. Stats., chap. 92, article 5, secs. 22 and 23.)

There is no similarity between art. 5, chap. 92, Gen. Stats., and the act of February 28, 1862, under which the proceedings in the cases of L. & N. R. R. Co. v. Commonwealth, 1 Bush, 261, and McAlister v. Commonwealth, 6 Bush, 581, originated.)

3. Whether the act of 1876 is to be construed in connection with chapter 92 of the General Statutes, or as an independent statute, these proceedings cannot be maintained. The act of 1876 does not require corporations to list their property, and chapter 92, General Statutes, only denounces a penalty against natural persons.

But the act of 1876 is an independent statute. It confers new powers, and affords a full and adequate mode of executing them. (Johnson v. Louisville, 11 Bush, 533.)

4. The statute says that the judgment shall be in favor of the Commonwealth. No authority, therefore, exists to render the judgment in favor of the county or of the Commonwealth for the benefit of the county.

WM. LINDSAY on same side in petition for rehearing.

1. Prior to 1876 railroad property was not taxed for local purposes at all, because it was regarded as injudicious and impolitic to do so. (Applegate v. Ernst, 3 Bush, 650; L. & N. R. R. Co. v. Warren County, 5 Bush, 245.)

The change of public opinion, as evidenced by the act of 1876, does not warrant the conclusion that railroad property had suddenly become a favorite subject of taxation.

2. The statute does not anywhere provide for the direction, by the county court to the clerk, to take the list of the delinquent till the delinquent has first been convicted, and only then in case the court shall

Lou. & Nash. R. R. Co. v. Commonwealth.

be "*satisfied that the defendant was not willfully in default.*" (Gen. Stats., chap. 92, art. 5, secs. 20-26.)

Therefore, as these prosecutions are barred by limitation, there can be no judgment of conviction, and the contingency can, therefore, never arise in which the county court can direct the clerk to make the assessment.

The cases of L. & N. R. R. Co. v. Commonwealth, 1 Bush, 250, and McAlister v. Commonwealth, 6 Bush, 581, commented upon.

3. The bar to a penal prosecution need not be pleaded ; it is available on the trial, or to quash the warrant, presentment or indictment, where it appears on its face. (Commonwealth v. Washington, 1 Dana, 446.)

4. The fact that the courts in these cases did not impose the fine and triple tax, but only a single year's taxation upon the value of the property, as fixed by such court, does not in any way change the character of the proceedings. They were strictly penal prosecutions, and a conviction was a prerequisite to the jurisdiction of the county court to fix the value of the estate, either for the purpose of triple or single taxation. (Howell's Ex'r v. Commonwealth, MS. Op., delivered December 2, 1879, and extended March 23, 1880.)

5. There has been no statute in force since the 3d day of April, 1878, under which railroad property can be assessed for taxation, State, county or municipal, by any other person, court or commission than the Board of Railroad Commissioners.

The repeal of the statutory authority before the tax is assessed, puts an end to the power of the taxing officials, unless something in the act indicates a different intention. (McQuillan v. Doe, 8 Blackford, 581; Warren R. R. Co. v. Belvidere, 35 N. J., 584; Augusta v. North, 57 Me., 392; Abbott v. Britton, 23 La. Ann., 511; Fennellon's Appeal, 7 Pa. St., 173; Mitchell v. Board of Trustees, 71 N. C., 400; Cooley on Taxation, p. 14.)

The legislative intent is to be gathered from the language of the act. (Newell v. The People, 3 Selden, 97.)

The court is asked to consider again the question supposed to have been settled by the decision in the case of Lincoln County Court v. L. & N. R. R. Co., 3 Ky. Law Rep., 436.

ROUNTREE & LISLE, MITCHELL & DUBOSE and PORTER & PORTER of counsel on same side.

W. H. JULIAN for appellee.

1. Back assessments for county purposes may be enforced by the county court without limitation. (Lincoln County Court v. L. & N. R. R. Co., 3 Ky. Law Rep , 436; L. & N. R. R. Co. v. Commonwealth, 1 Bush, 361; McAlister's Ex'r v. Commonwealth, 6 Bush, 581; Blackwell on Tax Titles, side page 163; Burroughs on Taxation, sec. 140.)

Lou. & Nash. R. R. Co. v. Commonwealth.

2. The county court has jurisdiction to compel assessments by civil process. (Johnson v. Commonwealth, 7 Dana, 338; Vaughan v. Commonwealth, 2 Litt., 386; McAlister's Ex'r v. Commonwealth, 6 Bush, 581.)

3. The county holds a perpetual lien upon property of appellant for the tax. (Gen. Stats., chap. 92, art. 1, sec. 2; Blackwell on Tax Titles, side page 163.)

4. The summons was sufficient, but if not, appellant has waived its right to object thereto. (3 Mar., 2; 8 B. M., 386; 1 Bibb, 338; 2 Bibb, 519.)

5. Upon the whole case, see Gen. Stats., chap. 92, art. 5, sec. 25, and chap. 93, sec. 2; Amer. & Eng. R. R. cases, vol. 3, 588 and 591; *Ibid.*, vol. 7, 300-5-6; Railroad Tax Cases v. Commonwealth, 5 Ky. Law Rep., 454; L. & N. R. R. Co. v. Commonwealth, 6 Ky. Law Rep., 90.)

SAM. T. SPALDING ON SAME SIDE.

1. There is no reason why the property of a railroad corporation should not be taxed equally with other property in the State and county. (L. & N. R. R. Co. v. Commonwealth, 1 Bush, 250; Ontario Bank v. Bunnell, &c., 1 Wend.; Oswego Bank v. Oswego Village, 12 Wend., 544; Lexington v. McQuillan, 9 Dana, 513; Preston v. Roberts, 12 Bush, 585; Marshall v. Donovan, 10 Bush, 683; Lincoln County Court v. L. & N. R. R. Co., MS. Op., Dec. 12, 1881.)

There can be no exemption from taxation unless the intention to exempt is expressed in clear and unambiguous terms. (Louisville Water Co. v. Hamilton, MS. Op., Dec. 20, 1883; Cooley on Taxation.)

2. These proceedings are in conformity with section 25 of art. 5, chap. 92, of the General Statutes, under which they were brought, no fine or triple tax being asked. (Lincoln County Court v. L. & N. R. R. Co., MS. Op.; Commonwealth v. Gaines & Co., 4 Ky. Law Rep., 379.)

3. It is too late for appellant to except to any irregularities or insufficiency of summons. It has pleaded to the merits, and thereby waived any such right. (Frankfort Bank v. Anderson, 3 A. K. Mar.; Blain v. The Ship Charles Carter, &c., 4 Cranch, 330; Startling, &c., v. Hardin, 2 Bibb, 519; Thomas & Patten v. Warford, 1 Bibb, 261; Duff v. Combs, 8 B. M., 386.)

4. These proceedings are civil and not criminal. (Johnson v. Commonwealth, 7 Dana; Vaughn v. Commonwealth, 2 Litt., 385.)

5. The right to assess property for taxation, or to coerce assessments, is not affected or barred by the Statute of Limitations. (L. & N. R. R. Co. v. Commonwealth, 1 Bush, 250; McAlister's Ex'r v. Commonwealth, 6 Bush, 581.)

6. The act of 1876 was not retrospective, and did not repeal the act of 1878. (Louisville Water Co. v. Hamilton, 5 Ky. Law Rep.; Lincoln Co. Ct. v. L. & N. R. R. Co., 3 Ky. Law Rep., 436; Cooley on Taxation, 221-2.)

7. The county court had jurisdiction. (L. & N. R. R. Co. v. Common-
wealth, 1 Bush, 250; McAlister's Ex'r v. Commonwealth, 6 Bush,
581; Hoke v. Commonwealth, 79 Ky., 367; Pennington v. Woolfolk,
79 Ky.)

A. DUVALL, J. C. SIMS, J. P. THOMPSON and CARPENTER &
MILLER of counsel on same side.

JUDGE HOLT delivered the opinion of the court.

These cases involve like questions, and will, there-
fore, be considered together. To this end a brief his-
tory of them is necessary.

The Warren and Marion county cases are proceedings
to compel the appellant, the Louisville and Nashville
Railroad Company, to list its property in those counties
for the years 1876 and 1877 for county taxation; while
in the Lincoln county cases, it is sought to enforce a
triple tax and fine against the appellant for its failure to
list its property for those years for such purpose.

In the Marion county case, the sheriff reported in
writing to the county court clerk that the appellant had
failed to give in a correct list; while in the other cases,
he reported that it had failed to list its property alto-
gether. In the Warren and Marion county cases a
summons was thereupon issued against the appellant to
show cause, if any it had, why its property should not
be listed; and the matter having been heard by the
county court, it directed its clerk to list the property,
but rendered no judgment for triple tax or any fine. In
the Marion county case this judgment was, upon appeal
to the circuit court, sustained. In the Warren county
case the appeal from the judgment of the county court
was, after the introduction of testimony and upon hear-
ing by the circuit court, dismissed.

It is urged that this action by the latter court must

be reversed, because as the case upon appeal had to be tried *de novo*, the appellant had a right to its decision upon the questions at issue ; and a dismissal of the appeal left the county court judgment in full force. It was, however, a virtual affirmance of it; and although the proceeding was for the most part styled in the name of the Warren county court, yet, as required by the statute, the summons was in the name of the Common-wealth.

The summons in each of the Lincoln county cases required the appellant to show cause why a judgment for a triple tax and a fine of not exceeding one hundred dollars should not be rendered against it for failing to list its property.

The county court rendered a judgment in each case for the triple tax and a fine of one hundred dollars. The circuit court, upon appeal, reversed these judgments, and remanded the cases to the county court, with directions to it to render judgments requiring the appellant to list its property ; and if it, thereupon, failed to do so, then to render judgments for the triple tax and fine. The appellant has appealed to this court from the action of the circuit court, because it so remanded the cases. Upon their return to the county court, it required the appellant to list its property, and it failing to do so, the court then rendered judgments for the triple tax and fine. Upon appeal, they were affirmed by the circuit court, and the appellant has also appealed from these judgments.

Since the enactment of the law of March 17, 1876 (volume 1, Acts of 1876, page 78), entitled "An act to make taxation equal and uniform in counties where an

ad valorem tax is levied by the county court," there can be no question as to the liability of railroads for county taxes. There is no reason why they should be exempt from this common burthen. They enjoy the protection of the county government, the county thus furnishing the consideration for the taxation. They receive the benefit, and in return the duty of aiding in the support of the local authority is created. If they escape, others must bear more than their just proportion of the burden.

The act *supra* contains no provision, however, for an assessment of the property of a railroad through the county court. Under it, only the assessor can make it; and no authority exists for these proceedings unless it be found in article 5, chapter 92, of the General Statutes. It provides:

"Sec. 20. If any person fail or refuse to give a list of his taxable property, when legally called upon for that purpose by the assessor or his assistant, or give a false or fraudulent list, or refuse to give the amount he is worth, as required by the first article of this chapter, he shall be fined not exceeding one hundred dollars, and be subjected to the payment of three times the amount of the tax upon the estate by the county court.

"Sec. 21. The assessor, at the time he returns his tax-book, shall also return the names of all delinquents described in the preceding section, and shall, as to fraudulent delinquents, state in what the falsehood or fraud consists.

"Sec. 22. The county clerk shall issue a summons in the name of the Commonwealth, in which shall be stated the offense, in general terms, against each of

the delinquents, returnable to the next term of the county court, which shall hear and determine the case, upon giving to the defendant the right to have a jury to try the facts, if demanded before the trial is begun, which jury shall be composed of housekeepers, and summoned by the sheriff. If the defendant be found guilty, the court shall enter judgment for the fine and triple tax and costs. The court shall fix the value of the taxable property upon which to impose the triple tax from their own knowledge, upon the statement of the defendant made upon oath or upon such other evidence as it may be enabled to obtain; and execution shall issue for the fine, triple tax, and costs. The fine and tax shall be certified by the clerk to the Auditor, and accounted for by the sheriff as other public moneys.

"Sec. 23. The county court, before a judgment is rendered against a delinquent, may, if it is satisfied that the defendant was not willfully in default, *direct its clerk to take the list of taxable property of such delinquent in the manner prescribed by law.* The lists aforesaid shall forthwith be certified to the sheriff and Auditor, to be charged to the sheriff, and accounted for by him as other revenue. In such cases the county court may excuse the delinquent from the payment of the fine and triple tax, upon payment of the costs of prosecution.

"Sec. 24. It shall be the duty of the county attorney to prosecute under the preceding section 22, and if he does so, shall be allowed thirty per cent. of the fine for his services.

"Sec. 25. When it shall be known to the sheriff that any person has failed to give in a list of his taxable

property in any year when it shall be liable to taxation, he shall report such person to the county clerk, *to be dealt with*, fined, and taxed as delinquents reported by the assessor. No sheriff or assessor shall be liable to cost in proceedings against delinquents reported by them.

"Sec. 26. Any person who has failed to give in his list of taxable property because he was not called upon by the assessor, may, after the assessor has returned his tax-book, list the same with the county clerk at any time before the first day of October, who, on taking the same, shall be governed by the law regulating the duty of the assessor."

It was held in the case of Lincoln County Court v. Louisville and Nashville Railroad Company, 3 Ky. Law Reporter, 436, that the above provisions of the statute were applicable to railroads.

The Legislature, by an act approved April 3, 1878, entitled "An act to prescribe the mode of ascertaining the value of the property of railroad companies for taxation and for taxing same," changed the mode of assessing the property of railroads. It, by its terms, repealed all existing laws as to the assessment and taxation of such property, and at the date of this enactment the taxes now in question had never been assessed. It is, therefore, now said that all mode of procedure as to unassessed taxes of a prior date was gone. It was held otherwise, however, in the case last cited; and it can not reasonably be supposed that the Legislature so intended.

It is urged, however, that the provisions of the General Statutes above cited do not authorize a proceeding

for a compulsory assessment, but only for a penalty for a failure to list; and that as the act of 1876 did not provide for it, there is a *casus omissus* in the law as to compelling assessments for the years now in question.

This position of the appellant, in connection with the further one that any penalty for its failure to list its property in 1876 and 1877 is now barred by time, would tend largely to defeat equal taxation; and this can not be presumed to have been the legislative intention, and especially so in view of its declaration as embodied in the title of the act of 1876.

An assessor can not take a list after the expiration of the time fixed by the statute for the return of his books. If, therefore, he has for any reason, or in any way omitted it, and if the county court can, under the statute, only fine a party and not have his list taken, then, if time has barred the imposition of a fine, he goes free of the common burden, unless he voluntarily chooses to shoulder his part of it. Certainly the Legislature did not intend that the public right should be lost by the neglect of the public agent; or that the performance of his duty to his government by the property owner should be left merely to his willingness or caprice. Let us see, however, if they have, in fact, so left it.

These proceedings are based upon the information given by the sheriff, and are authorized solely by section 25, *supra*, of the General Statutes. A distinction should be drawn between this provision and section 20, *ibid*. The latter provides for the imposition of a triple tax and fine when the person fails or refuses, upon demand of the assessor, to give in his list; or gives a false

or fraudulent one, or refuses to tell what he is worth.
A summons based upon it should, in general terms,
describe the offense. It should state, as was held in
Evans v. Commonwealth, 13 Bush, 269, whether it be.
for giving a false or fraudulent list, or a refusal of the
person to state what he is worth, or a failure or refusal
upon demand to give in any list whatever; and if these
proceedings were founded upon this section, the lower
court should have sustained the motion, which was made
in each case, to quash the summons. The offending un-
der section 25 is, however, confined to a mere *failure*
to list; and this is all, therefore, that a summons issued
under it need charge. There is a satisfactory reason for
this difference. In the one case the assessor reports.
the character of the failure, thereby enabling the clerk
when he issues the summons to specify it. In the
other, the sheriff has not the same opportunity as the
assessor to know this, and is, therefore, required to
report merely a failure to list, and this is all that the
clerk has upon which to act. In such a case, however,
the statute provides that the delinquent is "to be *dealt
with*, fined and taxed as delinquents reported by the
assessor." If reported by him, the delinquent is liable
to a judgment for the triple tax and fine; or, if in the
opinion of the court the default be not willful, it may
"*direct its clerk to take the list of taxable property of
such delinquent in the manner prescribed by law.*"
If for any reason, the triple tax and fine can not be
imposed, although the delinquent may be in willful
default, as if, for instance, limitation prevents it, then
the action of the court should be the same as if it had
found the party in default, but not willfully so. It

should, in such a case, adjudge the costs against the delinquent, and as the right to coerce an assessment is not affected or barred by lapse of time, and no cause of action arises until the assessment is made, it should direct its clerk to take the list. (L. & N. Railroad Co. v. Commonwealth, 1 Bush, 250; McAlister v. Commonwealth, 6 Bush, 581; Lincoln County Court v. L. & N. Railroad Co., *supra.*) This was the course pursued in the Warren and Marion county cases.

The constitutionality of the law conferring upon our county courts the power to assess delinquents is now, by reason of judicial construction, beyond question.

The law of 1819 (M. & B. 1373), as well as the provisions of the Revised Statutes of 1852 relating to tax delinquents, were in substance similar to those of the General Statutes above cited; and in the case of Pennington v. Woolfolk, &c., 79 Ky. Rep., 13, the court appears to have regarded them as sustaining the construction we have given to the present law.

The sheriff in reporting delinquents is not confined to those thus offending during his term of office. Section 25 of the statutes above cited provides that he shall do so when it shall become known to him that any person has so failed "in *any* year."

The reason for this is obvious. As the assessor cannot report them after he has returned his assessment, it follows that if the sheriff were confined to those delinquent during his term of office, many would escape taxation altogether.

In the Lincoln county cases, however, more than five years had elapsed from the time when the appellant rendered itself liable for the triple tax and fine.

The General Statutes, section 23, art. 1, chap. 29, pro-
vides : " Prosecutions by the Commonwealth to recover
a penalty for a violation of any penal statute or law,
and an action or procedure at the instance of any per-
son to recover any such penalty, shall be commenced
within one year after the right to such penalty accrued,
and not after, unless a different time is allowed by the
law imposing the penalty."

Section 2, art. 3, ch. 71 : " An action upon a liability
created by statute, when no other time is fixed by the
statute creating the liability ; an action for a penalty or
forfeiture, when no time is fixed by the statute or law
prescribing the same, * * * shall be commenced within
five years next after the cause of action accrued."

We think the statute, so far as it authorizes a judg-
ment for a triple tax and *fine* against a delinquent, is
penal in its nature—the wording of the law so implies.
The summons issues in the name of the *Common-
wealth ;* the statute says that " the *offense* " must be
stated in it in general terms ; if the delinquent is found
" guilty," judgment is to be rendered against him ;
the county attorney is required " *to prosecute*," and if
he does so, is allowed thirty per cent. of the *fine* for
his services. (Chiles v. Commonwealth, 4 J. J. M., 578 ;
Evans v. Same, 13 Bush, 269.)

It is unnecessary to decide, however, whether the
cases fall within the one or the five-year limitation
statute, because, in either case, a recovery of the triple
tax and fine is barred by the lapse of time.

The judgments in the Marion and Warren county
cases are affirmed ; but those in the Lincoln county
cases are reversed, for further proceedings consistent
with this opinion.