[No. 7454.]

PINNACLE GOLD MINING COMPANY v. THE PEOPLE.

1. PLEADINGS—*Complaint—Separate Causes of Action.* The complaint of the Attorney General filed in May, 1910, demanded of the defendant corporation, in one count, the license tax for seven successive years, and the penalty prescribed by law for the non-payment of the tax. *Held* that the tax for each year, and the penalty thereon, constituted a separate cause of action. (89)

2. ——*Failure to Separately State Separate Causes of Action. Remedy*, is by motion, not a demurrer for misjoinder of causes of action.   (96)

3. ——*Joinder of Causes of Action.*   A single action lies to recover from a corporation the annual license tax prescribed by statute for several years.   Or several promissory notes.   (96)

4. LEGISLATURE—*Call for Special Session, Construed.*   The call for the special session of the general assembly of 1902 specified, among other subjects to which the assembly were required to direct their attention (1) To enact a revenue law providing for the assessment of property for taxation, and the levy and collection of taxes.   (3) To enact any and all legislation relating to or in any wise affecting corporations.   *Held* that the provisions of chapter 3 of the laws of that session imposing a special license tax upon certain corporations, and a penalty for its non-payment, was within the call, following *Parsons v. People* 32 Colo. 221.   (90)

5. ACTION—*When an Action Lies—Special Remedy by Statute.* Section 64 of c 3 of the Acts of 1902 imposes a license tax upon certain corporations and sec. 68 prescribes a penalty for the non-payment of the tax.   *Held* that although the statute also provides that every corporation defaulting shall forfeit its right to do business until the tax is paid, the state may maintain an action for the tax, and the penalty.—*Montezuma Co. v. Bell*, 20 Colo. Distinguished.   (90)

6. CORPORATIONS—*Failure to Pay License Tax—From what Date Penalty Computed.*   The penalty prescribed by sec. 68 of c. 3 of the laws of 1902, for the non-payment of the tax imposed by the statute is computed from the date of the notice given after the tax becomes due.   (97)

A complaint for the penalty must aver such notice and the day upon which it was given.   (97)

No notice is required under c. 211 of the Acts of 1907.   (97)

7. ——*Continuing to do Business after Failure to Pay the Licence Tax*, is liable for the tax and the penalty for its non-payment, during the period of so continuing business.   *Semble* if after the first default it had ceased to do business it might be otherwise.   (93)

8. LIMITATIONS—*Action by State for Penalty.*   An action by the State against a private corporation to recover the penalty prescribed by statute for the non-payment of a tax is not within Rev. Stat. Sec. 4068, barring an action for a penalty begun more than a year after the offense is committed.   (93, 94)

*Appeal from Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. Franklin E. Brooks, Mr. Michael B. Hurley, Mr. George W. Bierbauer, for appellant.

Hon. Benjamin Griffith, Attorney General, Mr. George D. Talbot, Special Counsel, Mr. Charles O'Connor, Assistant Attorney General.

Hon. Fred Farrar, Attorney General, Mr. Francis E. Bouck, Deputy Attorney General, for the People.

Chief Justice Musser delivered the opinion of the court:

In May, 1910, the Attorney General filed a complaint to recover from the appellant company the annual corporation taxes for the years beginning with 1903 and ending with 1909. The complaint alleged that the company was a corporation organized and existing under the laws of Colorado during all the times mentioned, and was engaged in the business of mining, and had a capital stock of two million dollars.

In one paragraph of the complaint it was alleged that on the first day of May, 1903, the company became liable to pay to the state the sum of forty dollars as a state license tax, and a like sum became due from it as such tax on the first day of May of each of the succeeding years, to and including 1909.

It was further alleged in the complaint that due notice was annually given the company, by the authorized state officer, of the time when the said tax was due, together with a copy of the revenue law as required by law. It was alleged that the company had refused to pay the tax, and that under the revenue law it had become liable to penalties, amounting in the aggregate to $224.00. There were other allegations in the complaint which need not be mentioned.

The company filed a motion to require the plaintiff to separately state the several causes of action, which it was asserted were commingled in the complant because it sought to recover separate taxes, for several different years, separate penalties, and both taxes and penalties, under different statutes, to-wit., the statute of 1902 and that of 1907. This motion was denied. The company then filed a demurrer to the complaint on the grounds: 1. That it did not state a cause of action in several specified particulars. 2. That the penalties sought to be recovered accrued more than one year prior to the commencement of the action and were barred by the one year statute of limitations. Sec. 4068 Rev. Stat. 3. That several causes of action were improperly united in the complaint specifying the alleged separate causes. The demurrer was overruled, the company elected to stand thereon and judgment was rendered against it as prayed for, from which judgment it appealed.

1. It is first insisted that the court erred in overruling the motion to separately state different causes of action claimed to have been commingled in the complaint. On behalf of the appellee, it is contended that there was but one cause of action stated. We are of the opinion that the tax for each year, with the penalties thereon, constituted a single and separate cause of action, so that there were several causes of action commingled in the complaint. It is held in *Hall v. Cudahy*, 46 Colo. 324, 104 Pac. 415, that the code requirement, that different causes of action shall be separately stated when united in the same complaint, is mandatory. It is, therefore, error for a court to deny a motion for a separate statement when different causes of action are commingled. In as much as the judgment must be reversed on another point, and the state will have an opportunity to write the complaint as the code and rules require, we

express no opinion as to whether the error was prejudicial or not.

2. In the demurrer, it was asserted that the complaint did not state facts sufficient to constitute a cause of action as to the taxes and penalties, or either of them, claimed under the law of 1902. It is claimed that this ground of demurrer was good for three reasons: First, because the levying of annual corporation taxes was not within the proclamation of the Governor convening the General Assembly in the extraordinary session, at which the law was passed, and hence the levy of such taxes was unconstitutional. Second, because there was no provision in the law of 1902 for any action to recover such taxes or penalties, and there was a remedy by forfeiture, which was exclusive. Third, as to penalties under the law of 1902, because the complaint did not allege the giving of notices, as required by Sec. 68 of that law.

The contention that the levy of the tax was not within the purview of the proclamation of the Governor is fully discussed and determined adversely to the contention of the appellant in *Parsons v. People,* 32 Colo. 221, 76 Pac. 666. It is true that the law of 1902 did not specifically provide that an action would lie for the collection of the annual tax and that it did provide that a corporation should forfeit its right to do business if the tax was not paid and until it was paid, with the penalties. As was said in *Parsons v. People, supra,* the object sought in passing the law was to provide revenue. If the only remedy that the state had was a forfeiture of the right to do business, the virtue of the law as a revenue producer would depend upon the grace of the taxpayer. The state would have no means to compel the payment of the money if the taxpayer did not voluntarily pay it. *Montezuma Valley W. S. Co. v. Bell,* 20 Colo. 175, 36 Pac. 1102, cited by the company, shows that in a case where

the statute gives a specific remedy, whereby the state can get the money, as for instance by the enforcement of a lien upon property, resort must be had to the specific remedy provided. That case does not say that the only resort of the state is the specific remedy provided when that remedy is wholly inadequate to get the money if the taxpayer fails to pay it. The forfeiture of the right to do business by a corporation will not bring in revenue. A remedy providing that a tax shall be a lien upon property and providing for a foreclosure of the lien would be effective as a revenue producer. It was not the design of the legislature to put corporations out of business, but to get revenue from them. The authorities are not in accord, but it seems to us that the better way to dispose of it is to say that if the special remedy provided by the statute for the collection of taxes is not effectual to compel the payment in spite of the taxpayer's determination not to pay, then resort may be had to an action against the taxpayer; otherwise the revenue of the state would depend upon the willingness of the taxpayer to pay, and experience has demonstrated that taxes are paid with more or less reluctance.

In a note in 11 L. R. A. 818, it is said that the preponderance of the authorities is to the effect that either debt or assumpsit may be maintained for the recovery of the taxes as debt lies for a sum of money certain, due by statute. In *State v. Georgia Co.*, 112 N. C. 34, 17 S. E. 10, 19 L. R. A. 485 it is said that a tax "is not a debt in its most limited sense; that is, it is not liable to set-off and the other incidents of a simple contract between individuals. This is so on grounds of public policy, and also because though a debt (or due) it does not arise out of contract * * *. But it is a debt in the higher sense of the word."

If the legislature has not provided the state with an effectual remedy to collect the debt due it, it appears

to be reasonable to say that the state may resort to the ordinary remedy provided in the case of any other corporation to whom a debt is due. In *Ryan v. Gallatan Co.,* 14 Ill. 78, it appears that the statute made provision for the collection of taxes on personal property by distress. At the end of the opinion the Court said:

"The remedy by distress is not necessarily exclusive. It is a summary proceeding, and will ordinarily be resorted to out of choice by collectors; but there may be cases where it would be ineffectual, as in this instance, where there was no personal property to distrain. As has been already shown, a legal liability existed against the assignees to pay the taxes, and an action of debt is an appropriate remedy to enforce such a liability, whenever the ordinary mode of proceeding by distress would be ineffectual."

This was followed in *Town of Geneva v. Cole,* 41 Ill. 397.

In *State v. Georgia Co., supra,* the state brought an action in the nature of a creditor's bill to recover taxes due it from a corporation. It was contended in that case that because the state had the right to have the charter of the corporation declared forfeited, because of its failure to pay its taxes, therefore the state had no right to the remedy by action. The court held that the contention was not good.

There may be many authorities opposed to those cited, and we do not wish to go in this opinion to the full length of the cited cases, for instance to the full length of what is indicated in those from Illinois. What we say is, that in a case like the present where the statute affords the state no effectual remedy to reach out and get the money, in spite of the refusal of the taxpayer, then an action will lie for its recovery.

3. It was also asserted in the demurrer that the

complaint did not state a cause of action for the recovery of the tax claimed to be due under the law of 1907. This law specifically provides that an action of debt will lie for the recovery of the tax. But it is argued, and the argument is likewise applied to the recovery of taxes under the law of 1902, that when the company failed to pay the tax of 1903 its right to do business was forfeited and thereafter it had no such right, and the state cannot collect a tax for the use of a forfeited right. While the complaint could have been made clearer by the use of two or three more words, we are unable to reach any other conclusion than that it alleges that the company at the time it was filed, was, and for the seven years for which the tax was claimed, had been doing business. It may be that if, on and after May 1, 1903, it had not done any business and remained lifeless, it would not be liable for the tax. Such an issue, if available, must be raised by answer. The demurrer admits that it continued to exercise its right to do business during all the years mentioned and that it was still exercising that right. It cannot be heard to say that though it did business the same as before, the state cannot tax it because its right to do so had been forfeited. That would be entirely too convenient a way to pay its taxes.

4. The demurrer specially pleaded Sec. 4068 Rev. Stat. as a bar to the collection of the penalties that accrued more than a year prior to the commencement of the action. That section provides that: ''All actions and suits, for any penalty or forfeiture of any penal statute brought by this state,   *   *   *   shall be commenced within one year next after the offense is committed and not after that time.'' In the answer brief it is insisted that this statute does not apply to the state and our attention is called to the maxim, *''nullum tempus occurrit regi.''* We need not enter into a discussion of

that, nor of what the words "brought by the state" refer to. It is enough to say that penalties that are added to taxes as damages or interest on account of nonpayment are not such penalties as are contemplated by this section. The company's brief cites *Burlington v. The B. & M. R. R. Co.*, 41 Ia. 134 to support its contention that this limitation statute applies. That case was concerned with an entirely different statute and does not support the application of the present statute to the present case. Nor does *State v. Y. J. S. M. Co.*, 14 Nev. 220 aid us. That case merely held that an action for taxes was barred by their general statute of limitations because it specifically provided that the limitations prescribed should apply to actions brought in the name of or for the benefit of the state in the same manner as to actions by private parties, and that an action for taxes was included in the description of the actions barred by the statute.

Cases regarding penalties imposed for failure to make corporate reports have no bearing in the present case. In *L. & N. R. v. Commonwealth*, 85 Ky. 198, 3 S. W. 139, a statute authorizing judgment for triple tax and fine was said to be, but not decided, penal in its nature because the wording of the law necessarily so implied. *City, etc. v. Jones*, 20 Fed. 188, is against the contention of the company rather than in favor of it. That was an action to recover city, county and state taxes with five per cent. penalties and two per cent. a month interest on the city's and county's portion. There the statute provided that the limitations prescribed should apply to actions brought in the name of the state or for the benefit of the state in the same manner as to actions by private parties. It was said that the city and county must be treated as a part of the state. One of the clauses of the statute provided that "an action upon a liability

created by statute, other than a penalty or forfeiture''
was barred in three years. The court said:

"We think the three-years limitation of clause 1,
§ 338, applicable at least as to the tax,—the principal
thing sued for,—and the incident doubtless follows the
principal thing claimed. It is a liability created by stat-
ute, within the meaning of the Code."

This would indicate that the court thought that the
penalty for the nonpayment of taxes was a liability
created by statute, other than a penalty or forfeiture.

*Los Angeles Co. v. Ballerino,* 99 Cal. 593, 34 Pac.
329, holds that an action to recover taxes, with five per
cent. thereon for delinquencies and two per cent, per
month interest, is upon a liability created by statute
other than a penalty or forfeiture and that the five per
cent. upon the amount of the delinquent tax is not such
penalty or forfeiture as falls within the provisions
of the code requiring ''an action upon a statute for a
penalty or forfeiture shall be brought within one year,''
and holds that the penalty is a mere incident to the cause
of action arising upon the statutory liability to pay the
tax. In *Burlington v. B. & M. R. R. Co., supra,* it is
said:

"Penalties, when prescribed in the case of delin-
quent taxes, become a part thereof, and are collected in
the same manner as the taxes themselves. They are re-
garded in the same light as interest imposed by law on
contracts, which becomes a part of the debt and is col-
lected with it, as a part of it."

*L. C. Ry. Co. v. Louisville,* 67 Ky. [4 Bush.] 478,
holds that the exaction of ten per cent. for nonpayment
of a tax is not a penalty, but an augmentation of the tax.
To the same effect is *K. P. Ry. Co. v. Amrine,* 10 Kans.
318.

5. Another ground of demurrer was that several causes of action were improperly united in the same complaint. There seems to be some confusion in both briefs on this point. If there are seven causes of action, each for an annual tax and penalty thereon, that are not separately stated, that defect cannot be reached by demurrer. For instance a complaint in an action on several promissory notes may not separately state the causes of action. The remedy would be a motion requiring a separate statement. A demurrer that several causes of action were improperly united would not lie. If there are several causes of action alleged in the complaint as contended by the company, each is by the same plaintiff against the same defendant, for the same kind of a tax and penalty and they certainly can be united in one action, the same as causes of action upon two or more promissory notes, in which the parties are the same, may be united. It would not be necessary to bring two or more separate actions upon the notes. It is undoubtedly the practice, under our Code, to bring one action upon several promissory notes, and unite the actions separately stated in one complaint, and it is proper to so construe our code that the several causes of action sued on in this case may be united in the same complaint.

6. The contention that the complaint did not allege enough to show that the state could recover the statutory penalties, under the law of 1902, may be considered in connection with the assignment that the judgment was excessive. The part of Sec. 68 of the Act of 1902 that is applicable here reads as follows:

"It shall be the duty of the state auditor within thirty days after the first day of every May, to notify in writing all such corporations as have forfeited their charters or their rights to do business within the state of Colorado, under the provisions of the foregoing sec-

tions, and any such corporation which shall, at any time after such notice pay to the auditor the tax payable on or before the first day of May of that year and ten per cent. of said tax in addition thereto, for every six months or fractional part of six months, from the date of said notice, shall thereupon be relieved from the forfeiture of its charter or right to do business within the said state, by reason of such failure.''

It appears from this that the penalties were to be computed from the date of the notice given after the tax became due. Nowhere in the complaint is it alleged that any such notice was given. The allegation in the complaint concerning notice may be vague, but it can only refer to the notice required by Sec. 67. There is no basis afforded in the complaint for the computation of penalties on the taxes due under the act of 1902. There is no such provision concerning notice in the act of 1907. We think that the complaint is not sufficient to support a judgment for penalties on the annual taxes which may be due under the law of 1902, and for that reason, the judgment will have to be reversed.

We have decided only questions that were raised. If there is any other constitutional or other objection to the tax, that objection has not been determined or precluded by this opinion.

The judgment is reversed and the cause remanded for further proceedings with leave to the plaintiff to amend the complaint as may be advised and as the law permits.

*Reversed and remanded.*

Decision *en banc*.

Mr. Justice Hill not participating.