JOSEPH A. KIME

v.

WILLIAM KIME.

1. VERDICT — *not sustained by evidence.* It is error in the Circuit Court to refuse to set aside a verdict not sustained by the evidence on the trial.

2. CONTRACT — *default. recovery of consideration paid.* Where a party receives the purchase-money for land, and agrees to convey it to the purchaser, but no time is specified, he is entitled to a reasonable time within which to make the conveyance, and the purchaser in such a case should demand a deed, and the vendor should refuse or neglect to comply with the demand, before the purchaser can recover back the purchase-money paid by him as the consideration for the conveyance.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of assumpsit, commenced in the Livingston Circuit Court, to the September Term, 1864, by William Kime against Joseph A. Kime. The declaration contained the usual common counts, to which the plea of *non-assumpsit* was filed and issue formed. A trial was had by the court and a jury at the October Special Term.

On the trial in the court below, plaintiff claimed, and introduced evidence to establish, indebtedness of defendant on an account. Defendant insisted upon and introduced evidence of a settlement of all of their dealings, except one or two items. Among the items claimed by plaintiff, was one for the consideration paid for a piece of land, which he insisted defendant had agreed to convey to him, but had failed and refused. The evidence fails to show that plaintiff demanded the deed, or otherwise placed defendant in default.

The jury found the issue for the plaintiff and assessed the damages at $321. Defendant thereupon entered a motion for a new trial, which was overruled by the court, to which he excepted, and the court rendered a judgment on the verdict. Plaintiff brings the case to this court by appeal and asks a reversal of the judgment.

Messrs. FLEMING & PILLSBURY, for the appellant.

Mr. CHARLES J. BEATTIE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the court below, against appellant, for a recovery on an account. Defendant below filed the general issue, and a notice of set-off; and each party filed his bill of particulars. Several witnesses were sworn on behalf of appellee, by whom he proved a number of items in his account. He also introduced John Burton, who testified that he was present when the parties made a settlement of their accounts, which he says occurred in May or June of 1863. He stated that a note for one hundred and fifty dollars, held by appellee against appellant, was spoken of and no objection made to it. That they talked their matters over, and that note was mentioned. That there was a note for $61.25, which was not included in the settlement, as they were unable to agree about it, appellant claiming that he had paid it to George W. Kime. to whom it was originally given. That other matters were talked of at the time. That he did not remember that a board bill was spoken of, although it might have been. That appellee gave up to appellant at the time a small note; and there was no claim for timber land then made.

This witness further states, that he understood that the parties then settled all matters between them, except the note for $61.25, and leaving it out they were then even as they both stated. There was forty acres of land, which, as a part of the settlement, appellant was to convey to appellee. It seems to have been rated by the parties at $400. He says he afterward heard the parties conversing about the land. Appellant said he was ready to convey, and appellee insisted that appellant had not kept his agreement to convey, but appellant insisted that he had.

This settlement seems to have occurred after a large portion,

if not all, of the items charged in the account, had been gotten by appellant. They therefore must have been embraced in it, and consequently could not be again brought into controversy. If any of the items which entered into that settlement were included in the verdict, it would have been wrong. If the item for the price of the land was excluded, there is no means by which this verdict could have been found under the evidence. As to the $150, appellee proved the statement that it had been paid and delivered up to him, and by Burton that it was included in the settlement. This was appellee's own evidence; it was uncontradicted, unexplained and unimpeached, and should have excluded the amount of the note from the verdict, which seems to have been allowed to appellee. As to this item the verdict is not sustained by the evidence.

It is insisted by appellee, that, from the evidence, the jury were warranted in finding a verdict for the price of forty acres of land, less the items of set-off proved by the appellant. It does not appear that any time was fixed upon by the parties, within which the conveyance was to have been made, or that appellee ever demanded a deed. When a party agrees to perform an act, and no time is specified for its completion, he must have a reasonable time for the purpose, and to be put in default the opposite party must demand its performance. In this case no time is shown in which appellant was to convey, nor does it appear that a deed was ever demanded. It, however, does appear, that appellant at one time said he was ready to convey, but appellee insisted that he had failed to keep his agreement, but appellant insisted that he had kept it. This is not evidence to prove that appellant had broken his agreement to convey, and in the absence of such proof, the jury were not warranted in allowing appellee the price of the land. We are therefore of the opinion, that in either view of the case the verdict is not sustained by the evidence, and the Circuit Court should have granted a new trial. The judgment must be reversed and the cause remanded.

*Judgment reversed.*