[No. 15238.   In Bank. — February 17, 1893.]

M. W. FOX, RESPONDENT, v. THE HALE AND NOR-
CROSS SILVER MINING COMPANY ET AL., AP-
PELLANTS.

APPEAL — BOND OF SURETY CORPORATION — EXCEPTION TO SUFFICIENCY —
SHOWING OF SURPLUS ASSETS — CONSTRUCTION OF CODE. — Sections 1056
and 1057 of the Code of Civil Procedure, providing that any corporation
duly organized for the purpose of becoming a surety upon bonds or un-
dertakings, and which shall have a paid-up capital of not less than one
hundred thousand dollars, may become and shall be accepted as sole
and sufficient surety upon such bonds or undertakings, and exempting
such corporations from annexing to their undertakings the usual affi-
davit required of natural persons, and providing that no such corpora-
tion shall be accepted as surety when its liabilities shall exceed its assets,
as ascertained in the manner provided in section 1056, do not make the
acceptance of such corporation as sole and sufficient surety upon an un-
dertaking imperative, no matter what the disparity between its amount
and the amount of the corporate assets, but it may be required, upon
exception to its sufficiency as surety under section 948 of the Code of
Civil Procedure, to show surplus assets equal to the amount of its under-
taking.

ID. — STATUTORY CONSTRUCTION — OBJECTS OF STATUTE. — Where words
in a statute may be given a meaning which will justify their insertion in
the statute without convicting the legislature of having enacted an ab-
surdity, they must be limited to such meaning; that is, if the apparent
object and policy of the law is subserved by taking them in a qualified
and restricted sense, while one of its principal objects is utterly de-
feated by giving them their largest possible significance, the former
interpretation must be preferred.

APPLICATION to the Supreme Court for a writ of pro-
hibition to the Superior Court of the city and county of
San Francisco.

The facts are stated in the opinion of the court.

*Lloyd & Wood, William F. Herrin,* and *Mesick & Wa-
ters,* for Appellants.

*W. T. Baggett, L. D. McKissick,* and *Lindley & Eick-
hoff,* for Respondent.

BEATTY, C. J. — This is an application by some of the
defendants in the above-entitled action for a writ of
prohibition or *supersedeas* to restrain the superior court

from enforcing its judgment against them pending
their appeal to this court. By the judgment appealed
from, the plaintiff, Fox, recovered of the defendants, who
are petitioning here, a little more than a million of dol-
lars, and the amount of the undertaking necessary to
stay proceedings pending the appeal is therefore in ex-
cess of two millions of dollars. (Code Civ. Proc., sec.
942.) Such an undertaking in the proper amount — two
million and thirty thousand dollars — was duly filed,
but the only surety by which it was executed was the
Western Surety and Guaranty Company, a corporation
with a paid-up capital of no more than one hundred
thousand dollars, incorporated under the laws of the
state of California, for the purpose, among others, of
making, guaranteeing, or becoming surety upon bonds
or undertakings required or authorized by law.

Within due time the respondent, Fox, in pursuance
of section 948 of the Code of Civil Procedure, excepted
to the sufficiency of said undertaking and surety, and
thereafter, upon notice duly given, the officers of said
corporation appeared before the county clerk and proved
the fact of incorporation, and full compliance by said
company with all conditions necessary to entitle it to do
business. They also proved that its entire capital stock
of one hundred thousand dollars was paid up and intact.
Upon this proof, the county clerk certified that said cor-
poration had justified to his satisfaction, and accepted
its said undertaking as a good and sufficient undertak-
ing to stay proceedings under said judgment pending
the appeal. Notwithstanding this action of the clerk,
the superior court was entertaining and proceeding to
hear and determine a motion by respondent to issue its
execution to enforce said judgment, when the appellants
sued out the alternative writ, or order to show cause,
issued herein.

At the hearing, the facts above stated were admitted
or proved, and though certain preliminary.questions of
practice were raised by the demurrer and answers then
filed, all such matters were waived in the argument, and

the single question submitted for decision was, whether
this corporation, with a paid-up capital of barely one
hundred thousand dollars, is sufficient as sole surety upon
an undertaking to secure more than twenty times that
sum.   The proposition that it is in fact sufficient is on
its face a palpable absurdity.   A corporation which has
only one hundred thousand dollars can no more pay a
loss of two millions than a natural person can.   It is true
that there is a personal liability on the part of the stock-
holders of a corporation for their proportion of its debts,
and it is suggested that it was shown that some of the
stockholders of this corporation were men of large
means.   But that fact does not help us to a construction
of the law.   Counsel for petitioners could not deny that
the solvency and sufficiency of the stockholders of such
corporations is a circumstance of which the law takes no
account.   If, under the statute upon which they rely,
this undertaking is sufficient, it would be equally so if
its amount, instead of two millions of dollars, had been
twenty millions, and if the stockholders, instead of
being in some instances men of means, were, every one
of them, notoriously insolvent.

The sole question therefore to be determined is, whether
the statute of March 12, 1885 (Stats. 1885, p. 114), or
sections 1056 and 1057 of the Code of Civil Procedure
as enacted in 1889 (which are, in effect, a re-enactment
of the statute of 1885), require the construction con-
tended for by the petitioners, viz., that a corporation of
the character therein defined must be accepted as sole
and sufficient surety upon any undertaking, no matter
what the disparity between its amount and the amount
of the corporate assets.

To indicate the argument of counsel, we quote sections
1056 and 1057 of the Code of Civil Procedure, with their
Italics:—

" Sec. 1056.   *In all cases where an undertaking or bond,
with any number of sureties, is authorized or required by any
provision of this code, or of any law of this state, any corpo-
ration with a paid-up capital of not less than one hundred*

thousand dollars, *incorporated under the laws of this or any other state of the United States for the purpose of making, guaranteeing,* or *becoming a surety upon bonds or undertakings required or authorized by law, or which, by the laws of the state where it was originally incorporated, has such power,* and which shall have complied with all the requirements of the law of this state regulating the formation or admission of these corporations to transact such business in this state, *may become and shall be accepted as security, or as sole and sufficient surety upon such undertaking or bond,* and such corporate surety shall be subject to all the liabilities and entitled to all the rights of natural persons' sureties, provided, that the insurance commissioner shall have the same jurisdiction and powers to examine the affairs of such corporations as he has in other cases; shall require them to file similar statements and issue to them a similar certificate. And whenever the liabilities of any such corporation shall exceed its assets, the insurance commissioner shall require the deficiency to be paid up in sixty days, and if it is not so paid up, then he shall issue a certificate showing the extent of such deficiency, and he shall publish the same once a week for three weeks, in a daily San Francisco paper. And until such deficiency is paid up, such company shall not do business in this state. In estimating the condition of any such company, the commissioner shall allow as assets only such as are allowed under existing laws at the time, and shall charge as liabilities, in addition of eighty per cent of the capital stock, all outstanding indebtedness of the company, and a premium reserve equal to fifty per centum of the premiums charged by said company on all risks then in force.

"Sec. 1057. In any case where an undertaking or bond is authorized or required by any law of this state, the officer taking the same must, *except in the case of such a corporation as is mentioned in the next preceding section,* require the sureties to accompany it with an affidavit that they are each residents and householders, or freeholders,

within the state, and are each worth the sum specified in the undertaking or bond, over and above all their just debts and liabilities, exclusive of property exempt from execution; but when the amount specified in the undertaking or bond exceeds three thousand dollars, and there are more than two sureties thereon, they may state in their affidavits that they are severally worth amounts less than the amount specified in the undertaking or bond, if the whole amount be equivalent to that of two sufficient sureties.   Any corporation such as is mentioned in the next preceding section may become one of such sureties.   *No such corporation shall be accepted in any case as a surety whenever its liabilities shall exceed its assets, as ascertained in the manner provided in section 1056.*"

It cannot be doubted that this corporation meets all the conditions required to bring it within the application of the words "*may become and shall be accepted as*," etc., in section 1056; but we do not attribute to those words the sweeping force which petitioners claim for them.   No doubt they must be allowed some operation; but if it is possible to find a meaning for them which will justify their insertion in the statute without convicting the legislature of having enacted an absurdity, they must be limited to such meaning; or in other words, if the apparent object and policy of the law is subserved by taking them in a qualified and restricted sense, while one of its principal objects is utterly defeated by giving them their largest possible significance, the former interpretation must be preferred.

Now, the apparent object of this law was not only to enable corporations of the class designated to become co-sureties upon undertakings required in legal proceedings, but to make the sole undertaking of such a corporation equivalent to the joint undertaking of two or more natural persons.   To accomplish that object, the use of the language quoted, or something equivalent, was necessary, and the words chosen are as apt for the purpose as any that could be suggested, their only fault be-

ing, that, taken literally, they seem to mean something more, viz., that such a corporation is not only sufficient as a surety, — the same as a natural person, — and sufficient by itself without a co-surety, but also sufficient as surety for any amount, no matter how much greater such amount may be than the value of its assets. But to allow this clause of the act such unlimited operation would defeat its general policy, which is, undoubtedly, to provide ample security for money judgments in order to stay proceedings for their enforcement pending appeals.

Such a judgment, when docketed, becomes a lien upon all real estate of the judgment debtor in the county. By the levy of execution, liens may be established not only upon real but also upon personal property, but all such liens are removed by the filing of a proper stay bond; and it is not to be supposed that the legislature intended to discharge one security without providing an equivalent, where a corporation becomes surety upon the stay bond, any more than in the case where the sureties are natural persons.

The force of these considerations is not in the slightest degree impaired by either of the italicized clauses in section 1057. By the first, corporations are merely exempted from annexing to their undertakings the usual affidavit required of natural persons. For this exception a good and sufficient reason is found in the fact that they cannot in many cases be residents of the state in any sense, nor in any case in the ordinary sense of the word, and they need never be, if they possibly can be, either householders or freeholders within the state. And as to their *ability* to pay, a full equivalent for the affidavit ordinarily required is supplied by the insurance commissioner's certificate.

Nevertheless, the last clause of the section seems to imply that the undertaking of such a corporation shall be accompanied by an affidavit showing that its liabilities do not exceed its assets computed according to the rule of the statute, in which case it is incapable of becoming surety or co-surety for any amount whatever.

But this clause does not necessarily imply that so long as the assets of the corporation are equal to its liabilities, or in other words, that so long as it has available assets applicable to the payment of losses equal in amount to eighty per centum of its capital stock, it may become surety for any amount in excess of such assets. All that it necessarily implies is, that the corporation may go on doing business, i. e., executing bonds in such amount as other provisions of the statute authorize.

What, then, is the amount for which such corporations are authorized to become surety? This question is not answered by the act of 1885, or by sections 1056 and 1057 of the Code of Civil Procedure. Nor is any express provision as to this matter to be found in any other statute. In the absence of such provision, petitioners claim that the amount is unlimited. We think, on the contrary, that the question may be safely decided upon analogous provisions with respect to natural persons. When a corporation executes an undertaking in pursuance of section 942 of the Code of Civil Procedure, exception to the sufficiency of the surety may be taken, in pursuance of section 948, with exactly the same effect as if the undertaking had been executed by natural persons. In response to such exception the corporation must justify upon notice, and in addition to the facts which qualify it to do business, it must, like natural persons, show surplus assets equal to the amount of its undertaking.

For these reasons, it follows that the undertaking in this case was and is wholly insufficient to stay execution.

Proceeding dismissed.

DE HAVEN, J., PATERSON, J., HARRISON, J., and GAROUTTE, J, concurred.