STATE OF MINNESOTA *ex rel.* MUTUAL INVESTMENT COMPANY *et al. vs.* DISTRICT COURT OF HENNEPIN COUNTY.

Argued July 20, 1894. Writ quashed July 23, 1894.

No. 8981.

**Trust companies as sureties on appeal bonds.**

> Laws 1885, ch. 3, § 7, making it lawful for an "annuity safe deposit and trust company" to become sole surety upon any bond or undertaking "without justification or qualification," is only permissive, and does not make it compulsory on the court to accept it as surety without justification, or deprive the court of the power to require it to justify, if its sufficiency as surety is excepted to.

The Mutual Investment Company and Alfred H. Hedderly presented an information in this court July 17, 1894, and obtained a writ of *Certiorari* to the District Court of Hennepin County, commanding that court to certify and return to this court on July 20 then next a transcript of all the records and proceedings had in that court in relation to the approval of an appeal bond and the justification of the sureties thereon, in an action wherein the Peoples Bank of Minneapolis was plaintiff and said relators defendants. The District Court by C. N. Dickey its clerk made return of a certified copy, from which it appears that on April 30, 1894, said Bank obtained a verdict in said action for $15,178.92, that defendants moved for a new trial but were refused, and on May 28, then next, they appealed from the order to this court. To perfect such appeal they gave their bond with the Metropolitan Trust Company and Calvin G. Goodrich as sureties, in the penal sum of $17,000, to be void if the relators, said Mutual Investment Company and Alfred H. Hedderly, either or both should pay the costs of the appeal and all damages sustained by the Peoples Bank in consequence of the appeal, if the order or any part thereof should be affirmed or the appeal dismissed, otherwise of force.

The return further showed that on May 31, 1894, the Bank by its attorney excepted to the Metropolitan Trust Company as a surety on the ground that it was not possessed of the property or other qualifications requisite to make it a good and sufficient surety. By agreement of the parties the questions raised by such exception were sub-

mitted to that court on June 22, 1894, and were argued before Judges *Henry G. Hicks, Seagrave Smith,* and *Robert D. Russell* of the Fourth Judicial District and *L. L. Baxter* of the Seventh. On July 14, 1894, that court filed its order directing that the Metropolitan Trust Company be and appear before that court July 28, then next and submit to examination as to the amount and nature of its liabilities, and as to its qualification to be a surety. That on its failure so to do, the defendants so appealing have leave to file a new bond with two good; and sufficient sureties to be approved by the court. If this be not done that the appeal be regarded as if no bond were given.

This return having been filed in this court, counsel for the parties appeared and discussed the proper construction of Laws 1883, ch. 107, § 9, subd. 8, as amended by Laws 1885, ch. 3, § 7, adding another subdivision.

*M. P. Brewer,* for relators.

*Geo. D. Emery,* for respondent.

MITCHELL, J. Laws 1883, ch. 107, as amended by Laws 1885, ch. 3, § 7, provides that "it shall be lawful for any such trust company [annuity safe deposit and trust companies] to become the sole surety upon any bond or undertaking, for or on behalf of any person or persons or corporation in any suit, action or special proceeding in any court in this state where a bond or undertaking shall be necessary under the laws of this state or in any other matter, municipal or otherwise, where a bond or undertaking shall be required without any other bondsman or surety and without justification or qualification."

Our construction of this statute is that, while it qualifies such trust companies to become sureties on bonds or undertakings without justifying, and hence authorizes courts to accept them as sureties without justification, yet it is merely permissive, and not mandatory. It does not make it compulsory on the court to approve and accept such bonds, or deprive them of the power to require the company to justify, if its sufficiency as surety is excepted to. The evils that might result from any other construction are forcibly suggested in *Fox* v. *Hale & Norcross Silver Mining Co.* 97 Cal. 353, (32 Pac. 446.)

Writ quashed.

BUCK, J., took no part.

(Opinion published 59 N. W. 1055.)