[Civ. No. 659.    Second Appellate District.—September 11, 1909.]

CHARLES LA DOW, Respondent, v. NATIONAL BUILD-
ING & PAVING BRICK COMPANY, a Corporation,
Appellant.

Attachment—Undertaking—Exception to Sureties—Failure of
One Surety to Justify—Substitution of Corporation Surety
—Waiver of Objection.—Where the sureties on an undertaking
for attachment were excepted to, and one of them justified, but
the other failed to justify, the plaintiff properly presented a new
corporation surety, which the defendant was entitled to examine
as to its sufficiency, and where there is nothing to show that he
questioned its sufficiency, or was denied the right to examine the
same, the facts show a waiver on the part of defendant of other
than the *prima facie* justification made by presenting and filing an
undertaking duly executed by such new surety.

Id.—Appeal from Order Refusing to Vacate Attachment—New
Bond not Incorporated in Record—Presumption.—Upon appeal
from an order refusing to vacate the attachment for failure of one
of the sureties to justify or of the new surety to justify, where
the new bond is not incorporated in the record it must be pre-
sumed, in the absence of a contrary showing, that the new bond
was in due form, and in the execution thereof and conditions of
its terms, fully complied with the requirements prescribed by law.

APPEAL from an order of the Superior Court of Los
Angeles County denying a motion to vacate and set aside a
writ of attachment.    N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Woodruff & McClure, for Appellant.

Walter, Pratt & Ball, and Stephen L. Sullivan, for Re-
spondent.

SHAW, J.—Defendant appeals from an order of court
denying its motion to vacate and set aside a writ of attach-
ment.

Prior to the issuance of the writ plaintiff filed with the
clerk an undertaking in due form, as required by the provi-
sions of section 539, Code of Civil Procedure.    Within the
time provided therefor defendant excepted to the sufficiency
of the sureties upon the undertaking, notice of which was
duly served upon plaintiff.    At the time fixed for the justi-

fication of the sureties only one of them appeared and justified. The further hearing was thereupon continued to a subsequent day, when, the other surety not appearing, plaintiff presented and offered to file an undertaking executed by the United States Fidelity & Guaranty Company. Defendant did not question the sufficiency of said guaranty company as a surety, but objected to the filing of the undertaking upon the sole ground that it was contrary to law, and that defendant would not be able to collect thereon for costs and damages sustained prior to the date of filing the same, which objection the court overruled. The new undertaking was thereupon received and filed. Thereafter, defendant moved the court to vacate and discharge the writ of attachment upon the ground that at the time and place fixed for the justification of the sureties neither the sureties upon the undertaking nor others appeared and justified thereon.

The undertaking is not incorporated in the record and in the absence of a contrary showing it must be presumed that it was in due form, and in the execution thereof and conditions of its terms fully complied with the requirements prescribed by law. (*Harris* v. *Frank,* 81 Cal. 289, [22 Pac. 856] ; *Ohleyer* v. *Bunce,* 65 Cal. 544, [4 Pac. 549].)

The presentation of the undertaking so executed by the guaranty company (a corporation) was, in effect, offering a new surety as to whom defendant was entitled to examine with regard to its sufficiency. (*Fox* v. *Hale & Norcross S. M. Co.,* 97 Cal. 353, [32 Pac. 446] ; *State* v. *District Court,* 58 Minn. 352, [59 N. W. 1055].) There is nothing in the record disclosing that the agent and representative of such corporation surety was not at the time present in court; nor is there anything showing that defendant questioned the sufficiency of said surety, or that defendant was denied the right to examine said surety as to its sufficiency. The facts of the case clearly show a waiver on the part of defendant of other than the *prima facie* justification made by presenting and filing an undertaking duly executed. (*Bank of Escondido* v. *Superior Court of San Diego,* 106 Cal. 43, [39 Pac. 211] ; *Blair* v. *Hamilton,* 32 Cal. 53.)

The order appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.