(No. 12587.—Decree affirmed.)
ALBERT RIEMENSCHNEIDER, Appellant, *vs.* MARIA ROSA TORTORIELLO *et al.* Appellees.

*Opinion filed April 15, 1919.*

1. SPECIFIC PERFORMANCE—*specific performance of contract to convey may be demanded as a matter of right.* The proper function of courts is to uphold contracts and enforce their performance as made or give damages for a failure or refusal to perform them, and where a valid contract for the conveyance of real estate is fairly entered into and understandingly made, each party is entitled to specific performance as a matter of right.

2. SAME—*when purchaser from widow cannot demand a deed signed by children also.* One who has entered into a contract for the purchase of real estate from a widow, who has only a life estate therein but who has a power to convey the fee and has agreed to convey the same by general warranty deed, is entitled to demand such a deed from the widow but cannot insist upon a deed signed also by the widow's children, even though they will be entitled to a remainder in case the widow does not sell, where the contract does not require such signatures.

3. SAME—*power to convey fee does not enlarge life estate into fee.* A power to sell and convey the fee, annexed to a widow's estate for life or until her re-marriage, will not enlarge her estate into an estate in fee, but if the widow has agreed to convey a good merchantable title by warranty deed, a tender by her of a deed conveying only her estate for life or until re-marriage is not a compliance with the contract.

4. SAME—*intention to execute power should appear in conveyance of fee by life tenant.* Where a life tenant has power to convey a fee, in the execution of the power it is not essential that there should be a direct reference to the power, but it is necessary that the conveyance shall disclose the power and that an intention to execute it shall fairly and reasonably appear.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN C. FARWELL, and ARCHIBALD CATTELL, for appellant.

FREDERICK W. PROUDFOOT, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 23, 1917, the appellant, Albert Riemenschneider, filed his bill in the circuit court of Cook county against the appellees, Maria Rosa Tortoriello and her three children, Maria Tortoriello Colangelo, Stella Tortoriello and Christopher Tortoriello, to compel specific performance of a contract executed by the complainant and Mrs. Tortoriello on March 11, 1916, by which she agreed to convey to him by warranty deed a good and merchantable title to property in the city of Chicago, known as No. 520 West Taylor street, for the consideration of $10,500, of which sum he paid $500 at the execution of the contract and was to pay $5000 within five days after the title had been examined and found good and to secure the balance of $5000 by notes and trust deed. The bill charged that on April 3, 1917, Mrs. Tortoriello executed and delivered to the other defendants, her three children, a deed conveying to them the premises, but that the deed was made without consideration and with notice of the contract. Mrs. Tortoriello answered that she complied with her contract on May 5, 1916, by making and tendering to the complainant her warranty deed, by which she offered to convey to him all her right, title and interest in the premises, but that complainant demanded a conveyance from her children and refused to accept the warranty deed tendered by her. The other defendants, by their joint and several answer, made practically the same averments of fact. The issue was referred

to a master in chancery to take evidence and report the same with his findings of fact and law, and the master took the evidence and reported the same with his conclusions. The findings of fact by the master were all in favor of the complainant except as to a demand by him that the three children should join in the deed which Mrs. Tortoriello had agreed to make. The findings were that the contract was valid and enforcible and was performed by the complainant, and that Mrs. Tortoriello refused to perform it and tendered him a deed which conveyed only her estate for life or until re-marriage, which he refused to accept and demanded a deed joined in by the three children, to which he was not entitled. As a conclusion of law he reported that he had no alternative except to recommend that the bill should be dismissed for want of equity. The cause was heard by the chancellor on exceptions to the report and a decree was entered accordingly, from which this appeal was taken.

Maria Rosa Tortoriello was the widow of Martino Tortoriello, who owned the premises at the time of his death. By his will he devised to her, so long as she should remain unmarried, all of his estate, and gave her the right to sell or otherwise dispose of any real estate which he might own at the time of his death, but in case of her re-marriage or death the estate was to be equally divided among his three children, the defendants Maria, Stella and Christopher. The contract was made as alleged by complainant and was entered into fairly and understandingly and was free from fraud, deception or any infirmity. Mrs. Tortoriello did not speak English, but her daughter, who was attending a law school, spoke English and explained the contract to her, but she declined to sign it until her attorney, who spoke her own language, advised her in respect to it. After consultation with her attorney the contract was executed under his advice, and he seems to have been both capable and judicious, and inserted in the contract a

provision for the benefit of Mrs. Tortoriello in case her
title should be found fatally defective. There was no dis-
pute as to any of these facts, but there was a controversy
as to whether the complainant insisted that the three chil-
dren should join in the deed. The testimony and the cir-
cumstance of all parties having been assembled at the time
fixed for the closing of the contract leads us to the conclu-
sion that the master was right. In the negotiations in which
the complainant was demanding performance of the con-
tract, a new attorney for Mrs. Tortoriello appeared and
offered the complainant a warranty deed made by her, but
stated that he did not know whether the complainant would
want to accept it, since it conveyed only a life estate. That
was the fact, and the deed was, of course, rejected. The
contract obliged Mrs. Tortoriello to convey a good mer-
chantable title by general warranty deed, with release of
dower and homestead rights, subject to the existing leases
and certain charges. She had power to make such a deed
and the offer by the attorney was an attempted evasion of
the obligation of the contract. It was merely a refusal
to do what she had agreed to do. Having power to make
a deed conveying the fee and having agreed to make the
same and received $500 of the purchase price, she refused
to comply with the contract, and her attorney offered a
deed which conveyed nothing but an estate for life or un-
til re-marriage as a compliance with the agreement, which
it was not.

The proper function of courts is to uphold contracts
and enforce their performance as made or give damages
for a failure or refusal to perform them. Where a con-
tract for the conveyance of real estate is fairly entered into
and understandingly made, each party is entitled to specific
performance of the contract, not as a favor but as a mat-
ter of right. (*Evans* v. *Gerry,* 174 Ill. 595; *Cumberledge*
v. *Brooks,* 235 id. 249; *Anderson* v. *Anderson,* 251 id.
415; *Corrigan* v. *Ralph,* 265 id. 571; *Adams* v. *Larson,*

279 id. 268.)   Mrs. Tortoriello had power to sell and convey the fee, but that power annexed to her estate for life or until re-marriage did not enlarge her estate into an estate in fee.   (*Henderson* v. *Blackburn,* 104 Ill. 227; *Kaufman* v. *Breckinridge,* 117 id. 305; *Walker* v. *Pritchard,* 121 id. 221; *Estate of Cashman,* 134 id. 88; *Skinner* v. *McDowell,* 169 id. 365.)   While it was not essential that there should have been a direct reference to the power, it was necessary that a conveyance should disclose the power and that an intention to execute it should fairly and reasonably appear.   (*Coffing* v. *Taylor,* 16 Ill. 457; *Funk* v. *Eggleston,* 92 id. 515; *President and Fellows of Harvard College* v. *Balch,* 171 id. 275; *Goff* v. *Pensenhafer,* 190 id. 200; 31 Cyc. 1122; 22 Am. & Eng. Ency. of Law,— 2d ed.—1112.)   As Mrs. Tortoriello had an estate and also a power, the deed offered operated on her estate, only, and it was so claimed and alleged by her attorney.   Mrs. Tortoriello having a right to sell and dispose of the fee as well as her own estate, and having agreed by a fair and valid contract to do so, was in default by her refusal to perform her contract, but the complainant, under some misapprehension as to the law, required her to have the children sign the deed.   They had not agreed to sign it, their mother could not compel them to do so, and their signatures were unnecessary.   The complainant, instead of demanding such a deed as was in conformity with the contract, demanded a deed to which he had no right.   By his bill the complainant prayed that Mrs. Tortoriello be decreed to specifically perform her agreement and make a good and sufficient deed of conveyance to him, but he had demanded a different deed and had not put himself in a position to compel specific performance of the contract as made.

The decree is affirmed.                     *Decree affirmed.*