[Civ. No. 8216. Second Appellate District, Division One.—April 12, 1932.]

CENTRAL HOLDING CORPORATION (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Davis & Thorne and W. A. Alderson for Petitioners.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and Wright & Cooper for Respondents.

TAPPAAN, J., *pro tem.*—The action out of which this proceeding arose was one in which the Neale Rainbow Light Corporation was plaintiff and the petitioners were defendants. The plaintiff in that action recovered a judgment as against defendants and petitioners. Petitioners then made a motion for a new trial, which was denied and they then filed a notice of appeal, request for transcript under the provisions of section 953a of the Code of Civil Procedure and an undertaking in more than double the amount of the judgment. This undertaking upon appeal was executed by two

corporations, who at the time of the execution of the under-taking were authorized to become sureties upon such under-takings in the state of California and had complied with all statutory requirements on that subject. The plaintiff in the action thereupon filed and served its exceptions to the sufficiency of the undertaking as executed by the corpora-tions and demanded that they qualify. Thereafter, and at the time and place designated for them to appear and qual-ify, the two sureties duly appeared and justified upon said undertaking by filing in said court all of the documents designated by section 1057a of the Code of Civil Procedure to be produced and filed by surety corporations upon justi-fication upon such undertakings. The financial statement of each of said corporations thus produced showed that the as-sets of each of said corporations exceeded its liabilities in an amount in excess of the undertaking executed on the appeal. The plaintiff requested the production of the books of the surety corporations to determine the correctness of the finan-cial statements so produced and filed. This the corporations refused to do and the court thereupon refused to approve the undertaking. The petitioners thereupon filed their peti-tion in this court for a writ of mandate to compel the supe-rior court to accept and receive the undertaking on appeal and to make an order justifying the sureties thereon as sufficient. The respondents filed their answer to the petition admitting all the material facts of the petition. As to the facts, there is no controversy.

Section 1057a of the Code of Civil Procedure provides in part as follows: "Whenever the surety on a bond or under-taking authorized or required by any law of this state is a corporation of the state or a foreign corporation, authorized to become surety on bonds or undertakings in the state, and exception is taken to the sufficiency of such surety as required by law, such corporate surety may justify on such bond or undertaking as follows:" The section then provides the pro-cedure to be followed upon justification, which it is admitted was fully complied with here. The section then provides: "Upon complying with the foregoing provisions and it ap-pearing that the bond or undertaking was duly executed, that the corporation is authorized to transact business in the state, and that its assets exceed its liabilities in an amount equal to or in excess of the amount of the bond or undertaking, the jus-

tification of the surety shall be complete and it shall be accepted as the sole and sufficient surety on the bond or undertaking.''

The question of the justification of corporation sureties upon bonds and undertakings has been before our courts of appeal in but two instances. The first case where this matter was discussed was *Fox* v. *Hale & Norcross S. M. Co.*, 97 Cal. 353 [32 Pac. 446, 448] (Feb. 1893). The court in this case, after commenting upon the amount that corporate sureties were authorized to become sureties for and pointing out that this matter was not covered by the statute as it then stood, make the following statement: ''In the absence of such provision, petitioners claim that the amount is unlimited. We think, on the contrary, that the question may be safely decided upon analogous provisions with respect to natural persons. When a corporation executes an undertaking in pursuance of section 942 of the Code of Civil Procedure, exception to the sufficiency of the surety may be taken, in pursuance of section 948, with exactly the same effect as if the undertaking had been executed by natural persons. In response to such exception the corporation must justify upon notice, and in addition to the facts which qualify it to do business, it must, like natural persons, show surplus assets equal to the amount of its undertaking.''

At the time the above-quoted case was decided section 1057a of the Code of Civil Procedure had not yet been added to our code, nor had section 1057 of the same code been amended to provide for new undertakings with sufficient sureties, when it was made to appear to the court that the sureties upon an undertaking were insufficient. Section 1057a now provides a method by which corporation sureties, when exception to their sufficiency is taken, may justify. It outlines the procedure to be followed and designates the evidence to be produced. It meets in express terms the omissions in the law commented upon and pointed out in *Fox* v. *Hale & Norcross S. M. Co., supra.* Prior to 1911, when section 1057a was added to the Code of Civil Procedure, there was no special provision in our laws providing for the justification of corporate sureties. This statute expressly exempts such corporations from the general requirement that sureties must accompany the bond or

undertaking with an affidavit stating their qualifications to so act. Under the condition of the law governing corporate sureties at the time of the decision of the case of *Fox v. Hale & Norcross S. M. Co., supra,* it would have been impossible to have arrived at any other decision than was there reached, but with the changes in the law created by the addition of section 1057a and the amendment to section 1057 the reasoning as expressed in that case is inapplicable to the case at bar.

The only other case in which the matter of the justification of corporate sureties has been considered is *San Francisco-Oakland Terminal Rys.* v. *Superior Court,* 48 Cal. App. 586 [192 Pac. 116, 117]. The question present in this case was whether the provisions of section 1057a of the Code of Civil Procedure were exclusive in the matter of corporations justifying upon bonds or the court could permit them to justify by the production of other competent evidence. The court said in this regard: "The section of the code expressly provides that, when its provisions are complied with, the court *must* accept the surety as sufficient. Its effect, therefore, is merely to make certain evidence conclusive upon the court for that purpose. It does not attempt to change the ordinary rules of evidence, and accordingly, if the surety does not elect to make proof of its sufficiency in the manner therein permitted, it may justify by any competent evidence proving that fact the same as other sureties may do."

The rule announced in the last-quoted case that the effect of section 1057a is to make certain evidence conclusive upon the court is reasonable and logical. There is nothing novel in enactments of this kind, and many examples of cases where evidence is declared to be conclusive are to be found in our statutes. Respondents' rights are fully protected by the provisions of section 1057a of the Code of Civil Procedure, which make provision for an inquiry into the sufficiency of the sureties and provides for the giving of a new bond in case of their insufficiency. It cannot be said that respondents have been deprived of any of their substantial rights by the provisions of section 1057a of the Code of Civil Procedure. This conclusion is manifest when the difference between natural persons and corporations as sureties is considered. "The individual surety, however

honest and well qualified at the time he became surety, is liable to the contingencies of business, the change of the value in property, and the inexorable chance of death, which brings his estate into the administration of the law under wholly changed circumstances, . . . On the happening of any of these contingencies, the only person in position to keep close watch is the principal, and his interest is adverse to making known any doubt as to the sufficiency of his friend, or to assuming the burden of finding a new surety; while the surety company must have a capital, the amount, nature of, investment, and management of which are known and within the constant sight of the court and the parties interested.'' (*King* v. *Pony Gold-Min. Co.*, 24 Mont. 470 [62 Pac. 783, 786].)

Let the peremptory writ issue.

Conrey, P. J., and York, J., concurred.