Clarence Backman, Appellant, v. Maybelle I. Nelson, Appellee.

Gen. No. 10,398.

Opinion filed May 4, 1950. Released for publication May 23, 1950.

WILBUR E. JOHNSON, of Rockford, for appellant.

WILLIAMS, McCARTHY & KINLEY, of Rockford, for appellee; JOHN C. McCARTHY, of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On October 5, 1946, Clarence Backman entered into a contract with Maybelle I. Nelson for the purchase of a farm in Winnebago county, Illinois. The contract provided that $1,000 should be paid at the time of the execution of the contract and $1,000 on December 15, 1946. The balance of the purchase price of $10,250 was to be paid on or before March 1, 1947. Clarence Backman made the two one thousand dollar payments.

The second paragraph of the contract is as follows: "All that part of the S.E. ½ Sec. 24 Twp. 43 N. Range 2 East, east of the Cherry Valley Road, except a tract of land in the S.W. corner of the above described premises 45 rods in breadth running northerly along said Cherry Valley Road from the point of intersection of said Cherry Valley Road with the South line of said section, said excepted tract to be not over 20 acres, the farm being sold by this contract to consist of not less than 90 acres and if upon a survey, said survey to be paid for by seller, said tract is less than 90 acres, then seller agrees to convey enough of the above described 20 acre tract from off the North side of said 20 acre tract to make the farm sold by this contract at least 90 acres, and conveyed by Maybelle Nelson on the usual Warranty Deed Form for the purchase price of Twelve Thousand Two Hundred Fifty Dollars, to be paid as follows, to-wit: $1,000.00 cash in hand paid, the receipt of which is hereby acknowledged; $1,000.00 December 15, 1946 and the balance of $10,250.00 on or before March 1, 1947."

Another paragraph provides that: "The seller agrees to provide an abstract to the above described premises within 100 days hereafter, and it is expressly provided that in the event such abstract does not show good merchantable title the said seller shall have a reasonable time, not exceeding ninety days, within which to make such title good and merchantable, and unless said seller shall provide such good merchantable

⊛

title within the time limited, the purchaser shall at any time thereafter have the option of demanding and receiving back the deposit made and shall be released from all obligations thereunder."

The buyer, Clarence Backman, claimed Maybelle Nelson failed to comply with these two paragraphs of the contract and started suit in the circuit court of Winnebago county, to recover the $2,000 that was paid by the purchaser to the seller. The defendant filed an answer to this suit, and denied that she had failed to comply with the contract. The case was submitted to a court without a jury. The court found the issues in favor of the defendant and entered a judgment accordingly. It is from this judgment that the plaintiff has prosecuted an appeal to this court.

The evidence shows that the plaintiff made his first two payments, as provided in the contract; that prior to the 1st of March, he had a conversation with the appellee, and requested that he be given permission to move on the premises. The appellee granted this permission, and he did move in on the place and took possession of the same, and made some minor improvements on the premises. The evidence further shows that in a conversation the appellant had with the appellee, that he inquired about the abstract, and she informed him that it had been delivered to a Mr. Varland who was the agent for the Lutheran Brotherhood, who made a business of loaning money on real estate. The evidence also shows that Clarence Backman had made an application for a loan on the farm from this company and through Mr. Varland. The contract in question does not provide that the abstract should be delivered to Mr. Backman, but it does provide that she should furnish an abstract within 100 days from the time of signing the contract October 5, 1946. It is admitted by appellee that the abstract was not so furnished within the contract period.

535

The appellant took possession of the farm, and exercised the right of ownership over it, and the appellee claims he has waived the time limit for furnishing the abstract. It is also to be observed that there is no question about the merchantable title to the premises, as the attorney for the loan company has certified that the title is good. Time was not made the essence of the contract in question.

After the conversation between the parties relative to appellant moving on the farm on or before March 1, he did not communicate again with Maybelle Nelson until April 17, when his attorney wrote a letter to Miss Maybelle Nelson stating that his client was terminating the contract and demanding the return of the two thousand dollars. A like letter was written on April 24, 1947, and neither letter mentioned anything concerning the failure to deliver an abstract.

 Our courts have frequently held that although time may be made the essence of a contract, it may be waived by the acts of the parties. In *Park v. Koopman,* 311 Ill. 350. While the facts are not altogether the same as in the case we are now considering, the court does lay down principles of law that are applicable in this case, and in the *Park* case we find this language: ''While time was made the essence of the contract, and the date of the delivery of the abstract showing merchantable title was therefore a right which appellant might have insisted upon, yet by declining to take the abstract when tendered to him before and after January 1, and by thereafter in divers ways showing his recognition of the contract and acceptance of benefits thereunder, he must be held to have waived that right, and that at the time he refused to carry out the contract he no longer had the right to insist upon time as the essence thereof. The record shows that at no time did he object to the failure on the part of the appellees to furnish an abstract on January 1, 1921. The abstract

showing merchantable title was delivered to him on March 1 and an offer made to him of time to have it examined, if he desired. He had two parts of the abstract from January 30 without offering a suggestion as to its insufficiency. His silence for a month on a matter of that kind does not bear the earmarks of good faith.''

█ The case where the facts are quite similar to the present case is *Black v. Emory* (Mo. App.), 275 S. W. 48. In that case the contract provided that an abstract should be furnished within 30 days and the seller admitted that it had not been furnished within that time. The evidence shows that the buyer went into the possession of the land for the purpose of farming it after the due date of the abstract. The Supreme Court of the State of Missouri, in discussing the matter used this language: ''Proof in this case, offered by the plaintiff, that defendant took actual possession of part of this land for himself or some other party after plaintiff had failed to present him with an abstract as required by the contract was sufficient in itself to constitute a waiver of that provision for by that act he recognized the contract as in force and binding, notwithstanding plaintiff's default.'' Other cases holding that a provision of the time the delivery of the abstract can be and was waived are, *Papin v. Goodrich,* 103 Ill. 86; *Allah Farms, Inc. v. Horner,* 102 Ind. App. 537, 200 N. E. 740 an Indiana case; *Hungerford v. Behrends,* 308 Ill. 406 and *McNamara v. Pengilly,* 58 Minn. 353, 59 N. W. 1055. It is our conclusion that the Court properly held that appellant had waived the time limit of the delivery of the abstract.

█ It is insisted by the appellant that the contract provides that a survey should be made by the seller and be paid for by her. All the contract provides is that a survey shall be made, but does not state by whom, but it is to be paid for by the seller. It is also

to be observed that there is no time limit fixed, in which time survey shall be made. There was no demand made for the survey, until after the appellant attempted to terminate the contract.

On the whole we find no reversible error in this case, and the judgment of the circuit court of Winnebago county is hereby affirmed.

*Judgment affirmed.*